DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

_____

Daniel Riggs
343 Seymour Street
Apt 1
Syracuse, NY 13204

v                                                                                              **COMPLAINT**

City of Syracuse                                                                    5:26-cv-316 (ECC/MJK)
233 East Washington Street
Syracuse, NY 13210

DETECTIVE LEONARD BROWN
Syracuse Police Department
511 S State St,
Syracuse, NY 13202

Michael Dixon
Syracuse Police Department
511 S State St,
Syracuse, NY 13202

_____

## FIRST COMPLAINT

Daniel Riggs, through his attorney Woodruff Lee Carroll P.C. alleges and complains of the Defendant City of Syracuse and the other Defendants as follows:

1. Daniel Riggs is an individual who resides in Syracuse Onondaga County New York in the Northern District of New York.

2. City of Syracuse is a city in Onondaga County and the Northern District of New York which employed the police officers named herein.

3. Michael Dixon is an employee of the City of Syracuse acting under color of law who arrested the Plaintiff without probable cause.

4. Detective John Harriman is an employee of the City of Syracuse acting under color of law who arrested the Plaintiff without probable cause.

5. The Plaintiff was arrested and held in jail without probable cause long after a reasonable time to determine probable cause expired and it had been determined that the indictment was determined to be spectculative.

6. Plaintiff walked out of his house and was detained and taken to the police station.

7. At the station Plaintiff was arrested for possession of a loaded firearm in violation of Penal Law 265.03 (3) and reckless endangerment under Penal Law 120.25. (by shooting said gun)

8. But at all relevant times the prosecutors lacked reliable information that any gun, the identity of any person firing said gun any reliable proof a gun had been fired including that the Plaintiff had been the person firing said gun.

9. At the station before the arrest Detective Harriman stated that the Detectives could only "spectculate" on what happened.

10. Plaintiff claimed he was robbed earlier.

11. Plaintiff did not admit a gun was his or he fired it.

12. Plaintiff was indicted for Penal Law 265.03 (3) and reckless endangerment under Penal Law 120.25 without probable cause.

13. The Plaintiff remained in jail from 2/27/23 to 6/14/23, at which time he posted a bond and was released.

14. Despite a search of 308 Merriman St. no gun was ever located there or anywhere else and no gun is visible in the video.

15. Despite a a partial video of the incident no one has been able to identify the alleged shooter.

16. Detective Harriman asserts the the case was "spectculative,"

17. The case otherwise lacked probable cause for the aforesaid arrests and claims.

18. The police were never able to identify the shooter, locate a gun or prove a gun was fired.

19. The Plaintiff remained in jail from 2/27/23 to 6/14/23, at which time he posted a bond and was released.

20. At all relevant times the Defendants were in Uniform, paid by the City of Syracuse and acted under the color of the laws of the State of New York, the County of Onondaga and the City of Syracuse.

21. Further the Defendants who, under color of statute, ordinance, regulation, custom, or usage, of New York subjected, or caused to be subjected, the Plaintiff a citizen of the United States and within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by causing him to be arrested.

22. The defendants were a state actors, acting under color of state law, when he committed the alleged violation

23. The defendants deprived the plaintiff of well and clearly established rights, privileges or immunities secured by the Constitution or laws of the United States.

24. The notice of claim was served on or about 2/23/24.

25. The Defendants at all relevant times knew or ought to have known that there was no probable cause as described herein.

## VIOLATION OF THE FEDERAL CONSTITUTION

## BY THE UNJUSTIFIABLE DETENTION AND PROSECUTION OF THE PLAINTIFF

26. The Claimant realleges paragraphs 1 to 25.

27. The Syracuse police lacked probable cause in that they lacked "knowledge of or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the plaintiff before his arrest.

28. The Defendant was confined to jail while being prosecuted without probable cause.

29. The Defendant intentionally confined the Plaintiff without his consent.

30. The Defendant had no right to do the same.

31. The Defendant intended to confine the Plaintiff.

32. The Claimant was aware of the arrest and did not consent to the said arrest.

33. The confinement of the Plaintiff was not otherwise privileged.

34. The Defendant lacked probable cause to arrest the Plaintiff.

35. While arrested and detained in the jail the case was prosecuted without probable cause in violation of the constitutional rights of the plaintiff.

36. The Defendants lacked probable cause to arrest the Plaintiff and said arrest was malicious.

37. The absence of probable cause was known to the Defendants at the time of arrest.

## VIOLATION OF PLAINTIFFS FOURTH AMENDMENT RIGHT

## BY MALICIOUS PROSECUTION

38. The Plaintiff realleges paragraphs 1-37.

39. The Defendant caused a criminal proceeding and arrest to be commenced against the Plaintiff.

40. Said criminal proceeding terminated in favor of the plaintiff.

41. The criminal proceeding was initiated by the statements of the Defendant.

42. Said actions were done with malice.

43. Said actions caused the arrest of the Plaintiff.

44. Said actions were done maliciously by Defendant.

## COMMON LAW MALICIOUS PROSECUTION

45. The Claimant realleges paragraphs 1 to 44.

46. The Defendant initiated prosecution against the claimant.

47. The Defendant lacked probable cause for said prosecution.

48. The Defendant acted maliciously in bringing said prosecution.

49. The charges were dismissed.

50. A reasonable person would not have believed that that the Plaintiff was guilty of the crimes the Plaintiff was accused of on the admissible evidence known to the Defendant at the time the facts the time the prosecution was initiated or what the Defendant reasonably believed to be true at said time.

51. Wherefore the plaintiff demands $300,000 in damages for losses caused by the arrest and prosecution plus costs, disbursements, legal fees and such other relief as the court deems just and proper.

*Woodruff Lee Carroll*
Woodruff Lee Carroll
334 Nottingham Road
Syracuse, NY 13210
315 474 5356
315 474 5451
Carrollcarroll@carrolloffice.com